UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YO 11 LP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TENIA CHRISTIAN,<br><br>　　　　　Defendant. | Case No. CV 16-3807-R (SSx)<br><br>**ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION** |

　　　The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

　　　On June 1, 2016, Defendant Tenia Christian, having been sued in what appears to be a routine unlawful detainer action in California state court, filed a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a), see Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's Notice Of Removal asserts that "[f]ederal question [jurisdiction] exists because Defendant's . . . pleading depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice Of Removal at 2). However, these allegations are inadequate to confer federal-question jurisdiction over this unlawful detainer action. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, 6230 Sylmar Avenue, Van Nuys, CA 91401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties. IT IS SO ORDERED.

DATED: 6-3-16

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE